# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BENITA J. BROWN, as an individual and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  vs.<br><br>PORTER, MCGUIRE, KIAKONA & CHOW LLP, a Hawai'i limited liability partnership, as an individual entity; THE ASSOCIATION OF APARTMENT OWNERS OF TERRAZZA/ CORTEBELLA/LAS BRISAS/TIBURON, as an individual entity and on behalf of all others similarly situated; DOE DEFENDANTS 1-100,<br><br>       Defendants. | Civil No. 1:17-cv-00554-LEK-KSC<br><br>**MEMORANDUM IN SUPPORT MOTION** |

## MEMORANDUM IN SUPPORT OF MOTION

Pursuant to Rules 7(b) and 15(a) of *Federal Rules of Civil Procedure*[1] and Rule 10.3 of the *Local Rules of Practice for the United States District Court for the District of Hawaii*, Plaintiff Benita J. Brown respectfully submits this memorandum in support of her Motion for Leave to File a Third Amended Complaint. A copy of the proposed Third Amended Complaint is attached hereto as Exhibit "A".[2]

---

[1] All references to "Rule" shall mean the Federal Rules of Civil Procedure.

[2] This case alleges Defendants Porter, McGuire, Kiakona & Chow LLP ("Porter") and The Association of Apartment Owners of Terrazza/Cortebella/Las Brisas/Tiburon ("Terrazza") violated Hawaii's nonjudicial foreclosure laws, Hawaii Revised Statutes ("HRS") §§514B-146 and 667-5 through 667-10 ("Part I"), by improperly foreclosing on property Ms. Brown owned for a lien for unpaid

## I.    INTRODUCTION

Newly discovered evidence in a related case, *Galima, et al. v. Ass'n of Apartment Owners of Palm Court, et al.*, No. 16-cv-00023, suggests that it was a regular practice for homeowner associations in Hawaii conducting foreclosure sales pursuant to HRS §667-5 to acquire a homeowner's property at a nominal price, then rent the home for profit.[3] Under Hawaii law, a nonjudicial foreclosure is wrongful if the property is sold for an inadequate price,[4] and a jury could find that the sales price of Ms. Brown's apartment was inadequate. In addition, these facts suggest that Defendant Terrazza and the defendant class of condominium associations (collectively, "AOAO Defendants") conducted nonjudicial foreclosures to acquire apartments for the purpose of generating rental income, which supports the unfair or deceptive acts or practices ("UDAP") claim set forth in Count IV of the SAC.

Ms. Brown therefore moves for leave to file a Third Amended Complaint, which amends the Second Amended Complaint in two ways. First, Ms. Brown seeks to add a new count, Count V, which alleges that the AOAO Defendants' foreclosures were wrongful because *Kondaur*, required the AOAO Defendants to establish that their nonjudicial foreclosure sales were conducted in a manner that was fair, reasonably diligent, in good faith, and that the property was sold for an adequate price,[5] but the AOAO Defendants failed to meet these requirements and failed to procure adequate prices for plaintiff class members' properties. Second,

---

common expenses against Ms. Brown. Second Amended Complaint, ECF No. 16 ("SAC"), ¶¶1, 8, 11, 13, 52, 61.
[3] Declaration of Steven K.S. Chung ("Chung Decl."), ¶¶4-5.
[4] *Kondaur Capital Corp. v. Matsuyoshi*, 136 Haw. 227, 229, 361 P.3d 454, 456 (2015); *Ulrich v. Sec. Inv. Co.*, 35 Haw. 158, 168 (1939), *superseded by statute on other grounds*, H.R.S. §667-5, *as recognized in Lima v. Deutsche Bank Nat'l Trust Co.*, 943 F. Supp. 2d 1093, 1099-1100 (D. Haw. 2013).
[5] *Id.*

Ms. Brown seeks to amend Count IV, the UDAP claim, by alleging the following: the AOAO Defendants' actions were in trade or commerce because they provided a variety of services to condominium owners which were paid for via assessment fees; the AOAO Defendants acted in a business capacity and as market participants when they acquired the plaintiff class members' properties; and the AOAO Defendants improperly used HRS §667-5 to wrongfully obtain possession and control of, and economic benefit from, the class members' properties. The proposed amendments are not futile, dilatory, or made in bad faith. Good cause therefore exists for granting leave to amend.

## II.   LEGAL STANDARD

Under Rule 15(a)(2), courts "should freely give leave [to amend] when justice so requires."[6] While the District Court has discretion to grant or deny leave to amend, "outright refusal to grant the leave without any justifying reason appearing for the denial [such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.] is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."[7]

The Ninth Circuit recognizes the strong presumption in favor of allowing the amendment of pleadings.[8] "Accordingly, Rule 15's policy of favoring amendments

---

[6] *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").
[7] *Id.*
[8] *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption

to pleadings should be applied with 'extreme liberality.'"[9] Because Rule 15(a) favors granting leave to amend, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted.[10] The primary factors used to analyze the propriety of a motion for leave to amend are (1) undue delay, (2) bad faith, (3) prejudice to the opponent, and (4) futility of amendment.[11]

## III.   ARGUMENT

All four factors listed above compel granting leave to amend in the present case.

First, "[u]ndue delay, by itself, is insufficient to justify a denial of a motion to amend."[12] Here, there has been no undue delay in seeking leave to amend. Ms. Brown's proposed revisions arise from discovery in a related case that was only received on November 13, 2017.[13] The trial date and the deadline for discovery in the present case are both over a year from now. Terrazza, which has not served Ms.

---

under Rule 15(a) in favor of granting leave to amend." (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003))).

[9] *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (quoting *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960)).

[10] *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986) (applying Ninth Circuit law).

[11] *Ryan v. Editions Ltd. W.*, 786 F.3d 754, 767 (9th Cir. 2015) (quoting *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010)). *See also Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973) ("Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion.").

[12] *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). *See also Ritchie v. Dep't of Pub. Safety*, No. 14-cv-00046, 2016 U.S. Dist. LEXIS 10365, at *3, 7 (D. Haw. Jan. 28, 2016) (no undue delay in granting amendment after start of discovery).

[13] Chung Decl., ¶4.

4

Brown with any discovery requests,[14] will have adequate time to serve discovery requests and analyze the relevant legal issues if leave to amend is granted.

Second, Ms. Brown is not seeking an amendment in bad faith. "Bad faith" generally refers to efforts to amend the pleadings late in the litigation in order to obtain an unfair tactical advantage.[15] Here, Ms. Brown seeks to amend the pleadings over a year before trial, and the proposed amendments seek to provide additional notice of the basis for claims previously pleaded and unambiguously plead an additional basis for the wrongful foreclosure claim: that the AOAO Defendants' foreclosures failed to comply with *Ulrich* and *Kondaur* and are therefore wrongful. The proposed amendments would only give the AOAO Defendants additional notice of the bases for claims previously pleaded—this is not bad faith.[16]

Third, the AOAO Defendants and Porter will not suffer prejudice from the proposed amendments.[17] Prejudice is a high bar to clear. It can result if the opposing party would be "required to conduct extensive additional discovery if the amendment were allowed,"[18] but even asserting a new right of recovery in an

---

[14] *Id.*, ¶7.

[15] *See, e.g.*, *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) (plaintiff acted in bad faith by adding a defendant to destroy diversity and divest the court of jurisdiction); *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-99 (9th Cir. 1986) (amendment denied where delay was a tactical choice to avoid the possibility of an adverse summary judgment ruling).

[16] *Am. Elec. Co., LLC v. Parsons RCI, Inc.*, No. 13-cv-00471, 2015 U.S. Dist. LEXIS 26091, at *8 (D. Haw. Feb. 27, 2015) (no bad faith where "the proposed amendment only gives the parties additional notice of the bases for claims previously pled," even if the party "could likely have sought an amendment earlier").

[17] As only Counts I and III apply to Porter, and neither has been changed, none of the amendments will affect Porter.

[18] *Keiter v. Penn Mut. Ins. Co.*, 900 F. Supp. 1339, 1342 (D. Haw. 1995) (citing *Howey*, 481 F.2d at 1191).

amended complaint is generally not prejudicial.[19] Here, Ms. Brown is not seeking to assert anything as drastic as an entirely new right of recovery. The amendments to Count IV are a clarification as to why the AOAO Defendants' actions were in "trade or commerce," and the proposed Count V is an alternative basis for Ms. Brown's wrongful foreclosure claim. As the amendments relate to the AOAO Defendants' own actions, extensive additional discovery is unnecessary.

Finally, the proposed amendments to the complaint are not futile. An amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim."[20] Here, both proposed amendments stem from newly discovered evidence and have a sound basis in the law of the case, the prior rulings of this Court, and Hawaii law.

For example, the Hawaii Supreme Court has already ruled in *Kondaur* that a party conducting a nonjudicial foreclosure of real property must conduct the foreclosure sale in a manner that is fair, reasonably diligent, and in good faith, and that an adequate price must be procured for the property.[21] This Court has recognized that the common law duty set forth in *Kondaur* "extends to mortgagees conducting nonjudicial foreclosure sales of real property,"[22] and also that *Kondaur* supports "the viability of a wrongful foreclosure claim."[23]

The answers to the discovery requests in *Galima* show that the condominium association defendant purchased the plaintiffs' apartment for $1.00 at the foreclosure sale and has since been earning $1,500 in monthly rental income from

---

[19] *Foman*, 371 U.S. at 179, 181.

[20] *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

[21] *Kondaur*, 136 Haw. at 240-44 (citing *Ulrich*, 35 Haw. at 168).

[22] *Galima v. Ass'n of Apartment Owners of Palm Court*, No. 16-cv-00023, 2017 U.S. Dist. LEXIS 47715, at *26 n.15 (D. Haw. Mar. 30, 2017).

[23] *Fed. Home Loan Mortg. Corp. v. Kama*, No. 14-cv-00137, 2016 U.S. Dist. LEXIS 30455, at *16 (D. Haw. Mar. 9, 2016).

6

the plaintiffs' apartment. Ms. Brown believes the AOAO Defendants in this case took similar actions by purchasing apartments at their own foreclosure sales for nominal prices and similarly received an economic benefit (such as rental income) from the apartments that far exceeded the prices the AOAO Defendants paid to purchase the apartments.[24] A jury could find that a nominal sum of one dollar was not an adequate price for an apartment that can generate hundreds or thousands of dollars a month in rental income for several years, even if the apartment was encumbered by a mortgage. Such a finding would compel the conclusion that AOAO Defendants did not meet their duties under *Kondaur* and are liable for wrongful foreclosure. This is just one set of facts that can be proved that would constitute a valid and sufficient claim.[25] Therefore, the proposed Count V is not futile.

This Court has also already ruled that similar actions by other AOAO defendants were in the "business context," and thus may have occurred in trade or commerce.[26] The amendments to the UDAP claim lay out rationales as to why the AOAO Defendants' actions here were in the business context and occurred in trade or commerce. A jury could find that the AOAO Defendants, by acquiring properties from Plaintiff and the class members and renting out these properties, acted as market participants and in trade or commerce. A jury could also find that by wrongfully using HRS §667-5 to acquire properties that the AOAO Defendants

---

[24] Chung Decl., ¶6.

[25] *Miller*, 845 F.2d at 214.

[26] *Brown v. Kiakona*, No. 16-cv-00448, 2017 U.S. Dist. LEXIS 139724, at *28 (D. Haw. Aug. 30, 2017) ("[T]he AOAO Defendants' placement of liens on Plaintiffs' respective units for unpaid assessments and their foreclosures of those liens occurred in the business context, and the AOAO Defendants' conduct may give rise to a UDAP claim.").

would rent out or later sell, the AOAO Defendants were acting in trade or commerce.

Ms. Brown's proposed amendments are not frivolous and do not suffer from any of the flaws that would subject her motion to denial by the Court. Thus, it would be inconsistent with the spirit of the Federal Rules and an abuse of discretion to deny Ms. Brown's motion to amend.[27]

## IV.   CONCLUSION

For the reasons stated above, Ms. Brown respectfully requests that the Court grant her Motion for Leave to File a Third Amended Complaint.

DATED: Honolulu, Hawaii, January 24, 2018.


/s/ Steven K. S. Chung
STEVEN K. S. CHUNG
CHANELLE M. C. FUJIMOTO
MICHAEL L. IOSUA
TIMOTHY G. BLOOD (*pro hac vice*)
CAMILLE S. BASS (*pro hac vice*)
TIMOTHY D. COHELAN (*pro hac vice*)
ISAM C. KHOURY (*pro hac vice*)
J. JASON HILL (*pro hac vice*)
*Attorneys for Plaintiff*
BENITA J. BROWN, as an individual and on behalf of all others similarly situated

---

[27] *See Foman*, 371 U.S. at 182; *Howey*, 481 F.2d at 1190-91.