IMANAKA ASATO, LLLC
STEVEN K. S. CHUNG (1751)
CHANELLE M. C. FUJIMOTO (8859)
MICHAEL L. IOSUA (9851)
745 Fort Street Mall, 17th Floor
Honolulu, HI  96813
Tel: 808/521-9500
808/541-9050 (fax)
schung@imanaka-asato.com
cfujimoto@imanaka-asato.com
miosua@imanaka-asato.com

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (*pro hac vice*)
CAMILLE S. BASS (*pro hac vice*)
501 West Broadway, Suite 1490
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
cbass@bholaw.com

Attorneys for Plaintiff

COHELAN KHOURY & SINGER
TIMOTHY D. COHELAN
(*pro hac vice*)
ISAM C. KHOURY (*pro hac vice*)
J. JASON HILL (*pro hac vice*)
605 C Street, Suite 200
San Diego, CA  92101
Tel: 619/595-3001
619/595-3000 (fax)
tcohelan@ckslaw.com
ikhoury@ckslaw.com
jhill@ckslaw.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BENITA J. BROWN, as an individual and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>PORTER MCGUIRE KIAKONA & CHOW, LLP, a Hawai'i limited liability partnership, as an individual entity; THE ASSOCIATION OF APARTMENT OWNERS OF TERRAZZA/ CORTEBELLA/LAS BRISAS/TIBURON, as an individual entity and on behalf of all others similarly situated; DOE | Civil No. 1:17-cv-00554-LEK-KSC<br><br>**THIRD AMENDED CLASS ACTION COMPLAINT; EXHIBIT "A"; DEMAND FOR JURY TRIAL; CERTIFICATE OF SERVICE** |

DEFENDANTS 1-100,

      Defendants.

## CLASS ACTION COMPLAINT

Comes now plaintiff Benita J. Brown, individually and on behalf of all others similarly situated, by and through their undersigned counsel, and for a Complaint against defendant Porter McGuire Kiakona & Chow, LLP, as an individual entity; and defendant The Association of Apartment Owners of Terrazza/Cortebella/Las Brisas/Tiburon, as an individual entity and on behalf of all others similarly situated, allege and aver as follows:

## NATURE OF THE ACTION

1.     This is a plaintiff and defendant class action. Beginning in approximately September 2010, in violation of Hawai'i law, defendants and the members of the defendant class improperly invoked nonjudicial foreclosure procedures to foreclose on real property owned by plaintiff and the members of the plaintiff class. This conduct resulted in the wrongful and unlawful sale of the plaintiff's and plaintiff class members' real property. Specifically, defendants and defendant class members, who are homeowners associations and their agents, conducted nonjudicial foreclosures pursuant to Sections 514B-146 and 667-5 through 667-10 ("Part I") of the *Hawai'i Revised Statutes* ("H.R.S."), as amended, on the properties owned by plaintiff and the plaintiff class, even though the Part I

nonjudicial foreclosure process is not available to defendants and the members of the defendant class.

2.      The Part I nonjudicial foreclosure process is available only when a power of sale is contained in a mortgage. Even then, only the mortgagee, the mortgagee's successor in interest, or a person authorized by the power of sale to act in the premises may utilize Part I. Defendants and the members of the defendant class are none of these. Instead, they are homeowners associations and their agents, not lenders. They are not authorized to act in plaintiff's properties by powers of sale under Part I.

3.      Plaintiff brings this action on behalf of herself and other similarly situated individuals who owned real property in the State of Hawai'i that was sold at public auction through the use of nonjudicial foreclosure sale procedures pursuant to Part I. Based on violations of state laws prohibiting wrongful foreclosure and unfair or deceptive acts or practices and the federal Fair Debt Collection Practices Act, plaintiff seeks declaratory relief stating that foreclosure by defendants pursuant to Part I was wrongful and injunctive and monetary relief.

## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1332(d). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, is a class

action in which there are in excess of 100 class members, and many members of the plaintiff class are citizens of a state different from defendants and the defendant class.

5.     This Court has personal jurisdiction over defendants because they are citizens of and regularly conduct business in this District. Defendants and the defendant class made the decisions to and did foreclose on the properties in Hawai'i, and they have sufficient minimum contacts with this State and/or sufficiently avail themselves of the markets in this State through their operations within this State to render the exercise of jurisdiction by this Court permissible.

6.     The Court also has supplemental jurisdiction over the state law claims raised in this action pursuant to 28 U.S.C. §1367(a).

7.     Venue is proper in this District pursuant to: (1) 28 U.S.C. §1391(b)(1) in that all defendants are residents of this State; (2) 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District; and (3) 28 U.S.C. §1391(b)(3) in that defendants are subject to personal jurisdiction in this District.

## PARTIES

8.     Plaintiff Benita J. Brown ("Brown") is a resident and citizen of the State of North Carolina. She owned Apartment No. 176 of the condominium project known as "Las Brisas, Phase 15," located in Ewa Beach on the Island of

4

Oahu, State of Hawai'i, that was managed by the homeowner association known as The Association of Apartment Owners of Terrazza/Cortebella/Las Brisas/Tiburon ("Terrazza"). In or around August 2004, Plaintiff Brown purchased the apartment for approximately $270,000. To purchase the apartment, Plaintiff Brown obtained a loan in the amount of $262,000 secured by a mortgage on the apartment. Between January 30, 2007 and February 8, 2007, Defendant Terrazza recorded a lien on the apartment in the amount of $1,487.64 for unpaid assessments. To collect this debt, Defendant Terrazza, by and through its agent and/or instrumentality, Defendant Porter McGuire Kiakona & Chow, LLP, initiated the nonjudicial foreclosure procedure by giving notice that it would sell Plaintiff Brown's apartment at a public sale pursuant to Part I, and thereafter conducted the public sale on or around May 20, 2011. Defendant Terrazza submitted the winning bid for the apartment and executed a quitclaim deed for the apartment on June 9, 2011, as both the grantor and grantee. The quitclaim deed was recorded on June 9, 2011, and Defendant Terrazza took possession, control, and enjoyment of the apartment and all of its benefits. As a result of the public sale, Plaintiff Brown lost possession of the apartment but remains liable for the amounts secured by the mortgage.

9.     The plaintiff class is defined as follows: All persons and/or legal entities who at any time during the six years prior to the filing of this Complaint to

the present owned real property in the State of Hawai'i that was sold at public auction through the use of nonjudicial foreclosure sale procedures pursuant to H.R.S. §§514B-146 and 667-5 through 667-10, where the defendant class employed as an agent and/or instrumentality to complete the nonjudicial foreclosure procedures the following law firm: Defendant Porter, McGuire, Kiakona & Chow, LLP, or its predecessor(s) and/or successor(s) in interest. Plaintiff is the proposed representative of the plaintiff class.

10.    Defendant Porter McGuire Kiakona & Chow, LLP ("Porter McGuire") is a law firm registered as a Hawai'i limited liability partnership that acted as the agent and/or instrumentality of Terrazza in the nonjudicial foreclosure proceedings against Plaintiff Brown.

11.    Defendant Terrazza is a homeowner association organized, existing, and functioning under the laws of the State of Hawai'i, including H.R.S. §§514A and 514B, as amended. Terrazza employed Porter McGuire as its agent and/or instrumentality in the nonjudicial foreclosure proceedings against Plaintiff Brown.

12.    Terrazza is a representative of the defendant class of homeowner associations. The defendant class consists of homeowner associations located in Hawai'i that are listed in Exhibit A, and it is defined as follows: All homeowner associations who at any time during the six years prior to the filing of this Complaint to the present authorized and/or employed an agent and/or

instrumentality to acquire real property located in the State of Hawai'i at public auction through the use of nonjudicial foreclosure sale procedures pursuant to H.R.S. §§514B-146 and 667-5 through 667-10, where the agent and/or instrumentality completing the nonjudicial foreclosure procedures was Defendant Porter, McGuire, Kiakona & Chow, LLP, or its predecessor(s) and/or successor(s) in interest.[1]

## FACTUAL ALLEGATIONS

13.    This action involves the defendants' and defendant class members' nonjudicial foreclosures of real property located in the State of Hawai'i owned by plaintiff and the plaintiff class.

14.    Nonjudicial foreclosure allows a lender to foreclose on real property without going to court in the event the homeowner defaults on an obligation secured by the real property that is the subject of foreclosure. Nonjudicial foreclosure can be abused, with draconian consequences for the homeowner. As a result, Hawai'i law strictly limits nonjudicial foreclosure to specific circumstances by specific types of lienholders, and then only if the statutory requirements are exactingly followed.

15.    At all times relevant herein, Hawai'i law provided two methods of

---

[1] Defendant Terrazza and the defendant class are collectively referred to as the "AOAO Defendants."

nonjudicial foreclosure, commonly referred to as Part I and Part II.[2] Part I provided the fewest consumer protections and carried with it the greatest opportunity for abuse. As a result, Part I could only be used if a mortgage contained a power of sale, and then only by a mortgagee, the mortgagee's successor in interest, or a person authorized by the power of sale to act in the premises. The Part II process was known as the Alternate Power of Sale Foreclosure Process and was codified at H.R.S. §§667-21 through 667-42. It contained significantly greater protections for the homeowner to guard against the abuses of nonjudicial foreclosure.

16.     Part I did not contain any consumer protection safeguards; rather, it was an expedited power-of-sale process available only to mortgagees holding a mortgage containing a power of sale. For example, Part I did not require a mortgagee intending to proceed with a nonjudicial foreclosure to provide the homeowner with actual notice of default and sufficient opportunity to cure the default. The mortgagee needed only to publish notice regarding foreclosure and public sale once a week for three successive weeks and to hold the foreclosure sale at least 14 days after the last publication. Moreover, under Part I, nonjudicial foreclosure did not extinguish the debt if the mortgagee did not receive payment of all amounts owed.

---

[2] Part I was repealed in 2011, and Part II was amended in 2012. In 2012, a new foreclosure process was provided to homeowner associations by the addition of Part VI (H.R.S. §§667-91 through 667-104).

17.     In contrast, Part II provided homeowners reasonable time and opportunity to save their homes from foreclosure and protected them from improper and oppressive collection practices. For example, Part II required one intending to proceed with a nonjudicial foreclosure to serve the homeowner with a written notice of default and at least 60 days to cure the default before proceeding with nonjudicial foreclosure. If the default was not cured, a public sale could occur only after the later of 60 days after distribution of notice of the sale or 14 days after the date of the third public notice advertisement. Moreover, under Part II, the conveyance document had to be signed by the homeowner, and the nonjudicial foreclosure operated as full satisfaction of the debt, even if the foreclosing mortgagee received nothing from the sale proceeds.

18.     Defendants did not hold mortgages containing a power of sale, as required for use of Part I's nonjudicial foreclosure process. In each instance, defendants and the defendant class members engaged in nonjudicial foreclosure pursuant to Part I, rather than the Part II Alternate Power of Sale Foreclosure Process for non-mortgage liens.

19.     Defendants conducted the public sales under Part I in order to circumvent the consumer protection provisions in Part II.

20.     Had defendants observed the consumer protection provisions contained in Part II, plaintiff would not have lost her property.

21.     Defendants fraudulently concealed the wrong they were committing by implying, stating, and/or representing that they were authorized to conduct nonjudicial foreclosures or public sales under Part I.

22.     Under Hawai'i law, a condominium association has a fiduciary relationship with its members. Given the special relationship between the homeowner associations that comprise the defendant class and plaintiff and plaintiff class members who are members of those associations, plaintiff and plaintiff class members were entitled to rely on and did rely on the statements and representations made by defendants concerning defendants' right to conduct public sales under Part I.

23.     Each foreclosure that is the subject of this action is wrongful and/or invalid.

24.     Plaintiff did not discover the claims against defendants that she asserts herein until May of 2016.

## CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this action pursuant to Rules 23(a) and (b)(1) and/or (b)(2) and (b)(3) of the *Federal Rules of Civil Procedure* on behalf of a class of plaintiffs consisting of:

> All persons and/or legal entities who at any time during the six years prior to the filing of this Complaint to the present (the "Class Period") owned real property in the State of Hawai'i that was sold at public auction through the use of nonjudicial foreclosure sale procedures

pursuant to H.R.S. §§514B-146 and 667-5 through 667-10, where the defendant class employed as an agent and/or instrumentality to complete the nonjudicial foreclosure procedures the following law firm: Defendant Porter McGuire Kiakona & Chow, LLP, or its predecessor(s) and/or successor(s) in interest.

26.    Excluded from the plaintiff class are: defendants; the defendant class members; the officers, directors, or employees of any defendant or defendant class member; the parent companies, subsidiaries, and affiliates of any defendant or defendant class member; the legal representatives and heirs or assigns of any defendant or defendant class member; and any co-conspirators. Also excluded are any federal entities, any judicial officer presiding over this action, and the members of his or her own immediate family and judicial staff, and any juror assigned to this action.

27.    Plaintiff also brings this action on her own behalf and as a class action pursuant to Rule 23 of the *Federal Rules of Civil Procedure* against a class of defendants consisting of:

All persons and/or legal entities who at any time during the six years prior to the filing of this Complaint to the present (the "Class Period") authorized and/or employed an agent and/or instrumentality to sell real property located in the State of Hawai'i at public auction through the use of nonjudicial foreclosure sale procedures pursuant to H.R.S. §§514B-146 and 667-5 through 667-10, where the agent and/or instrumentality completing the nonjudicial foreclosure procedures was Defendant Porter, McGuire, Kiakona & Chow, LLP, or its predecessor(s) and/or successor(s) in interest.

28.    A list of such persons and/or legal entities of which plaintiff is

informed and which plaintiff believes at this time are members of this defendant class, without limitation, is attached as Exhibit A.

29.    Excluded from the defendant class are: plaintiff and the legal representatives and heirs or assigns of any plaintiff. Also excluded are any federal entities, any judicial officer presiding over this action, and the members of his or her own immediate family and judicial staff, and any juror assigned to this action.

**Numerosity**

30.    For the plaintiff class, membership is so numerous that joinder of all members is impracticable. The plaintiff class consists of approximately 117 individuals who had their real properties foreclosed on by defendants during the Class Period pursuant to Part I.

31.    For the defendant class, membership is so numerous that joinder of all members is impracticable. The defendant class consists of at least 38 entities that foreclosed on plaintiff and plaintiff class members during the Class Period pursuant to Part I.

**Typicality**

32.    Plaintiff's claims are typical of the claims of the members of the plaintiff class because plaintiff and each plaintiff class member had their real properties foreclosed on by defendants during the Class Period pursuant to Part I.

33.    Defendant class representative's claims are typical of the claims of the

other members of the defendant class because defendant class representative and each defendant class member foreclosed on plaintiff and plaintiff class members during the Class Period pursuant to Part I.

### Adequacy

34.     Plaintiff will fairly and adequately represent and protect the interests of the class members. Plaintiff's interests are coincident with, and not antagonistic to, those of the other plaintiff class members. Plaintiff is represented by counsel experienced and respected in the prosecution of class action litigation.

35.     Defendant class representative will fairly and adequately represent and protect the interests of the defendant class members. Defendant class representative's interests are coincident with, and not antagonistic to, those of the other defendant class members. The 38 homeowners associations in the defendant class foreclosed on approximately 117 plaintiff class members. The defendant class representative foreclosed on 16 plaintiff class members, while the remaining 37 homeowners associations foreclosed on only about three plaintiff class members each on average. Therefore, the defendant class representative has the greatest incentive and resources to adequately represent itself and the remainder of the defendant class.

### Commonality and Predominance

36.     This case presents many common questions of law and fact that will

predominate over any questions that may affect individual members of the plaintiff and defendant classes, such as:

a.      Whether defendants and the defendant class members foreclosed on plaintiff and the plaintiff class members' real property pursuant to the incorrect foreclosure process;

b.      Whether defendants and defendant class members were required to use the Alternate Power of Sale Foreclosure Process set forth in Part II (H.R.S. §§667-21 through 667-42) during the Class Period;

c.      Whether defendants' and defendant class members' foreclosures under Part I were wrongful foreclosures;

d.      Whether defendants' and defendant class members' foreclosures under Part I constituted unfair practices in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.*;

e.      Whether defendants' and defendant class members' foreclosures under Part I constituted unfair or deceptive acts or practices under H.R.S. §§480-1, *et seq.*;

f.      Whether the conduct of the defendants caused injury to plaintiff and the members of the plaintiff class;

g.      The appropriate nature of equitable relief for the plaintiff class; and

h.    The measure of damages incurred by the plaintiff class.

## Declaratory and Injunctive Relief

37.    Declaratory, equitable, and injunctive relief is appropriate for plaintiff classwide under Rule 23(b)(1) and/or (b)(2) because defendants and the defendant class have acted on grounds that apply generally to the plaintiff class, and inconsistent adjudications with respect to the defendants' liability would establish incompatible standards and substantially impair or impede the ability of plaintiff and defendant class members to protect their interests. Classwide relief and Court supervision under Rule 23 assure fair, consistent, and equitable treatment and protection of all class members.

## Superiority

38.    A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by plaintiff and the other class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against defendants, so it would be impracticable for class members to individually seek redress for defendants' wrongful conduct. Even if class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory

15

judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## COUNT I
### (Declaratory Relief)
### Against All Defendants

39.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

40.     An actual controversy has arisen and now exists between plaintiff and defendants concerning their respective rights and duties with respect to the properties owned by plaintiff and the plaintiff class members that were foreclosed on by defendants. Plaintiff contends that their properties were wrongfully foreclosed on because defendants utilized the nonjudicial foreclosure procedures under Part I, when they should have utilized the Alternate Power of Sale Foreclosure Process pursuant to Part II. Had defendants utilized Part II, the foreclosures on plaintiff's property would not have occurred. Defendants contend that foreclosure under Part I was proper.

41.     Plaintiff seeks a judicial determination of whether defendants and the defendant class, as homeowner associations without mortgages containing a power of sale, were entitled to conduct nonjudicial foreclosures on plaintiff's and plaintiff

class members' properties under Part I, or whether these entities were required to follow the foreclosure procedures outlined in Part II.

42.     Such a judicial determination on which part applies to the foreclosure procedures for the real properties at issue is necessary and appropriate at this time because if Part I applies, the foreclosures were likely proper and might bar this class action. But if Part II applies, the foreclosures were wrongful, and plaintiff and the plaintiff class are entitled to legal and equitable relief.

## COUNT II
### (Wrongful Foreclosure)
### Against AOAO Defendants

43.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

44.     Plaintiff seeks and requests recovery against AOAO Defendants for wrongful foreclosure.

45.     AOAO Defendants were not authorized or entitled to conduct a nonjudicial foreclosure or power of sale under Part I. As such, the foreclosure notices sent by AOAO Defendants were procedurally defective, and the resulting sales that occurred were unlawful and constituted wrongful foreclosures.

46.     As a result of the wrongful foreclosures, AOAO Defendants stole, converted, and/or wrongfully dispossessed plaintiff and plaintiff class members of their properties.

47.     Plaintiff seeks damages and other relief for the wrongful foreclosures, to include restitution, actual, compensatory, and punitive damages, together with attorney's fees and costs of court, and for such further and general relief to which she may be entitled.

## COUNT III
### (Violation of the Fair Debt Collection Practices Act)
### Against All Defendants

48.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

49.     Plaintiff seeks and requests recovery under the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA").

50.     On information and belief, plaintiff alleges that at all times relevant herein, Defendant Porter McGuire was a debt collector, acting as the agent and/or instrumentality of the defendant class members, who routinely demanded sums of money and attempted to collect said sums of money by sending letters and publishing notices falsely stating that they were authorized to use Part I to collect delinquent homeowner assessments. For example, Defendant Porter McGuire routinely attempted to collect the $1,487.64 lien against Plaintiff Brown.

51.     Defendants violated Section 1692e of the FDCPA, which prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

18

52.     Defendants violated Section 1692f of the FDCPA, which prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt by attempting to collect monies from plaintiff and the plaintiff class members pursuant to Part I instead of Part II.

53.     As a result of defendants' violations of the FDCPA, plaintiff is entitled pursuant to 15 U.S.C. §1692k to actual damages, statutory damages, and the costs of the action, together with attorneys' fees.

## COUNT IV
### (Unfair or Deceptive Acts or Practices)
### Against AOAO Defendants

54.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

55.     Plaintiff seeks and requests recovery against AOAO Defendants for unfair or deceptive acts or practices under H.R.S. Chapters 480, including but not limited to H.R.S. §§480-2 and 13.

56.     The conduct of AOAO Defendants complained of herein was unfair or deceptive and violated H.R.S. §§480-2.

57.     Plaintiff and the plaintiff class members committed money in a personal investment through the purchase of their properties and further committed monies in these personal investments through the payment of money collected by defendants and defendant class members for the performance of management and

maintenance services related to the condominium projects in which their properties were located.

58.   AOAO Defendants conducted trade or commerce within the meaning of the statutes for the following reasons:

a. AOAO Defendants provided a variety of services such as regulating the use, maintenance, repair, replacement, and modification of common areas, and by collecting regular assessments from condominium owners;

b. AOAO Defendants were empowered to impose late fees and interest, and they placed liens for unpaid assessments on the apartments of condominium owners and instituted litigation or nonjudicial foreclosure procedures to foreclose the liens and/or collect the unpaid assessments;

c. AOAO Defendants acted in a business capacity and/or as market participants in acquiring condominium apartments to rent;

d. AOAO Defendants used 667-5 to wrongfully obtain possession, control and economic benefit of condominium apartments as market participants.

59.   Upon plaintiff and the plaintiff class members becoming delinquent in the payment of said monies, AOAO Defendants misrepresented to plaintiff and plaintiff class members that they had the right to foreclose on plaintiff class members' properties under Part I, even though they were required to use the

nonjudicial foreclosure procedures under Part II. AOAO Defendants have a pattern

and practice of making said misrepresentations, conducting wrongful foreclosures

under Part I, and using the wrongfully purchased properties as their business

investments, as demonstrated by the misrepresentations made to, and the wrongful

foreclosure purchases of the properties owned by, Plaintiff Brown and plaintiff

class members.

60.     Defendant Porter McGuire acted as the agent and/or instrumentality of

AOAO Defendants by performing the foregoing acts and practices.

61.     The actions by and practices of AOAO Defendants created a

likelihood of confusion or of misunderstanding among plaintiff and plaintiff class

members that AOAO Defendants had authority to foreclose under Part I when they

did not. Moreover, H.R.S. §667-60, effective as of June 28, 2012, codifies the

Legislature's intent that violations of Chapter 667 be deemed unfair or deceptive

acts or practices under H.R.S. §480-2.

62.     Plaintiff and plaintiff class members are consumers who have suffered

actual losses including, but not limited to, the loss of their properties and their

properties' benefits as a result of the unfair or deceptive acts or practices

committed by AOAO Defendants.

63.     In addition to their own direct liability for unfair or deceptive acts or

practices, the defendant class members are vicariously liable for the unfair or

deceptive acts or practices committed by Defendant Porter McGuire, who acted as defendant class members' agent and/or instrumentality in the foreclosures under Part I.

64.     Plaintiff seeks and respectfully requests relief against AOAO Defendants consisting of treble damages, costs, and attorneys' fees pursuant to H.R.S. §480-13 based on the unfair or deceptive acts or practices committed by AOAO Defendants.

**COUNT V**
**(Improper Foreclosure)**
**Against AOAO Defendants**

65.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

66.     Plaintiff seeks and requests recovery against AOAO Defendants for their wrongfully conducted foreclosures.

67.     AOAO Defendants were required to use all fair and reasonable means to obtain the best possible prices for the properties of Plaintiff and plaintiff class members but they failed to do so, rendering AOAO Defendants' foreclosures wrongful.

68.     Plaintiff also seeks and requests a judgment declaring that AOAO Defendants' foreclosures were not regularly or fairly conducted and that AOAO Defendants did not pay adequate prices for the properties of Plaintiff and plaintiff

class members.

69.     On information and belief, Plaintiff alleges that AOAO Defendants planned to obtain the properties of Plaintiff and plaintiff class members to rent or otherwise obtain an economic benefit that far exceeded the purchase price for the properties, and that AOAO Defendants succeeded in carrying out this plan.

70.     AOAO Defendants did not conduct their nonjudicial foreclosures in a fair and reasonable manner as required by Hawai`i law, as alleged above.

71.     Plaintiff seeks and respectfully requests relief against AOAO Defendants to include restitution, actual, compensatory, and punitive damages, together with attorneys' fees and costs of court, and for such further and general relief to which she may be entitled.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff and the plaintiff class pray for a judgment:

A.     Certifying the plaintiff class as requested herein, appointing plaintiff as the representative for the plaintiff class, and appointing plaintiff's counsel as plaintiff's class counsel;

B.     Certifying the defendant class as requested herein, and appointing Defendant Terrazza as the representative for the defendant class;

C.     Awarding plaintiff and the members of the plaintiff class compensatory, statutory, treble, and punitive damages;

D.      Awarding restitution and disgorgement of defendants' revenues to plaintiff and the plaintiff class members;

E.      Awarding declaratory and injunctive relief as permitted by law or equity, including enjoining defendants from continuing the unlawful practices as set forth herein, and directing defendants to identify, with court supervision, victims of their conduct and pay them restitution and disgorgement of all monies acquired by defendants by means of any act or practice declared by this Court to be wrongful;

F.      Awarding plaintiff and the members of the plaintiff class pre- and post-judgment interest;

G.      Awarding to plaintiff her attorneys' fees and costs of suit; and

H.      Such other and further relief as this Court may deem just and proper.

//


//


//


//

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the *Federal Rules of Civil Procedure*, plaintiff

demands a trial by jury on all issues triable as of right by a jury.

DATED: Honolulu, Hawaii,_____, 2018.


 /s/ Steven K. S. Chung
STEVEN K. S. CHUNG
CHANELLE M. C. FUJIMOTO
MICHAEL L. IOSUA
TIMOTHY G. BLOOD (*pro hac vice*)
CAMILLE S. BASS (*pro hac vice*)
TIMOTHY D. COHELAN (*pro hac vice*)
ISAM C. KHOURY (*pro hac vice*)
J. JASON HILL (*pro hac vice*)
*Attorneys for Plaintiff*
BENITA J. BROWN, as an individual and
on behalf of all others similarly situated

25

| PORTER MCGUIRE ASSOCIATIONS |
| --- |
| Association of Apartment Owners of Colony Marina |
| Association of Apartment Owners of the Esplanade |
| Association of Apartment Owners of Fairway Terrace |
| Association of Apartment Owners of Hale Moi |
| Association of Apartment Owners of Harbor Square |
| Association of Apartment Owners of Hawaiian Monarch |
| Association of Apartment Owners of Hillside Villa |
| Association of Apartment Owners of Ilikai Apartment |
| Association of Apartment Owners of Kahana Outrigger |
| Association of Apartment Owners of Kahului Ikena |
| Association of Apartment Owners of  Kaiolu Sunrise |
| Association of Home Owners of  Kalamaku'u |
| Association of Apartment Owners of Kauhale Makai |
| Association of Apartment Owners of Kihei Villages |
| Association of Apartment Owners of Kihei Resort |
| Association of Apartment Owners of Makaha Surfside |
| Association of Apartment Owners of Makaha Valley Plantation |
| Association of Apartment Owners of Makakilo Cliffs |
| Association of Apartment Owners of Makakilo Gardens |

| |
|---|
| Association of Apartment Owners of Nihilani at Princeville Resort |
| Association of Apartment Owners of Ocean Ridge at Makakilo |
| Association of Apartment Owners of One Waterfront Towers |
| Association of Apartment Owners of Pacific Islander |
| Association of Apartment Owners of Palm Court |
| Association of Apartment Owners of Pearl Ridge Gardens and Pearl Ridge Tower |
| Puamana Community Association |
| Puu Heleakala Community Association |
| Association of Apartment Owners of Ridgecrest-Melemanu Woodlands |
| Association of Apartment Owners of Royal Palm at Waipio |
| Association of Apartment Owners of Spruce Ridge Villas |
| Association of Apartment Owners of Suncrest/The Shores/Lombard Way/Avalon |
| Association of Apartment Owners of Sun Rise, Inc. |
| Association of Apartment Owners of Terrazza/Cortbella/Las Brisas/Tiburon |
| Association of Apartment Owners of Terrazza |
| Association of Apartment Owners of the Villas at Kahana Ridge |
| Association of Apartment Owners of Vista Waikoloa |
| Association of Apartment Owners of Wailea Beach Villas |
| Association of Owners of the Wailana at Waikiki |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BENITA BROWN, as individual and on behalf of all others similarly situated, | Civil No. 1:17-cv-00554-LEK-KSC |
| | **CERTIFICATE OF SERVICE** |
| Plaintiff, | |
| vs. | |
| PORTER, MCGUIRE, KIAKONA & CHOW LLP, a Hawai'i limited liability partnership, and ASSOCIATION OF APARTMENT OWNERS OF TERRAZZA/CORTEBELLA/LAS BRISAS/TIBURON, a Hawai'i corporation, as individual entities and on behalf of all others similarly situated; DOE DEFENDANTS 1-100, | |
| Defendants. | Trial Judge: Leslie E. Kobayashi<br>Trial Date: October 16, 2018 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date stated below, a true and correct copy of the foregoing document was duly served upon the following by electronic mail through CM/ECF and/or via U. S. mail as indicated below:

| | CM/ECF E-MAIL | U.S. MAIL |
|---|---|---|
| DUANE MIYASHIRO, ESQ.<br>dmiyashiro@amkhawaii.com<br>NENAD KREK, ESQ.<br>nkrek@amkhawaii.com<br>Adams Miyashiro Krek, LLP<br>900 Fort Street Mall, Ste. 1700 | [ X ] | [   ] |

| | | |
|---|---|---|
| Honolulu, Hawaii 96813<br>   ATTORNEYS FOR DEFENDANT<br>   PORTER MCGUIRE KIAKONA &<br>   CHOW LLP | | |
| HARVEY J. LUNG, ESQ.<br>hlung@legalhawaii.com<br>DAVID R. MAJOR, ESQ.<br>dmajor@legalhawaii.com<br>Bays Lung Rose & Holma<br>700 Bishop Street, Ste. 900<br>Honolulu, Hawaii 96813<br>   ATTORNEYS FOR DEFENDANT<br>   THE ASSOCIATION OF<br>   APARTMENT OWNERS OF<br>   TERRAZZA/CORTEBELLA/LAS<br>   BRISAS/TIBURON | [ X ] | [   ] |

DATED: Honolulu, Hawaii,_____, 2018.

/s/ Steven K. S. Chung
STEVEN K. S. CHUNG
CHANELLE M. C. FUJIMOTO
MICHAEL L. IOSUA
TIMOTHY G. BLOOD (*pro hac vice*)
CAMILLE S. BASS (*pro hac vice*)
TIMOTHY D. COHELAN (*pro hac vice*)
ISAM C. KHOURY (*pro hac vice*)
J. JASON HILL (*pro hac vice*)
*Attorneys for Plaintiff*
BENITA BROWN, as an individual and
on behalf of all others similarly situated

4837-2738-8250, v. 2