IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BENITA J. BROWN, ET AL.,<br><br>      Plaintiffs,<br><br>  vs.<br><br>PORTER MCGUIRE KIAKONA &<br>CHOW, LLP, a Hawaii limited<br>liability partnership, as an<br>individual entity; THE<br>ASSOCIATION OF APARTMENT<br>OWNERS OF TERRAZZA/<br>CORTEBELLA/LAS/BRIAS/<br>TIBURON, as an individual<br>entity and on behalf of all<br>others similarly situated;<br>DOE DEFENDANTS 1-100,<br><br>      Defendants. | CIVIL 17-00554 LEK-KSC |

**ORDER DENYING MOTION TO DISMISS COUNT V**
**OF THE THIRD AMENDED COMPLAINT [DKT 61]**

On May 25, 2018, Defendant the Association of Apartment Owners of Terrazza/Cortebella/Las Brisas/Tiburon ("Terrazza AOAO") filed its Motion to Dismiss Count V of the Third Amended Complaint [Dkt 61] ("Motion"). [Dkt. no. 68.] Plaintiff Benita J. Brown ("Brown") filed her memorandum in opposition on August 14, 2018, and the Terrazza AOAO filed its reply on August 21, 2018. [Dkt. nos. 94, 99.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). The

Terrazza AOAO's Motion is hereby denied for the reasons set forth below.

## BACKGROUND

The operative pleading at this time is the May 18, 2018 Third Amended Class Action Complaint ("Third Amended Complaint"). [Dkt. no. 61.] In or around August 2004, Brown purchased Apartment No. 176 in the condominium project known as Las Brisas, Phase 15 in Ewa Beach ("Unit" and "Las Brisas"). Las Brisas was managed by the Terrazza AOAO. Brown purchased the Unit for approximately $270,000, and obtained a $262,000 loan – secured by a mortgage on the Unit – to do so. [Third Amended Complaint at ¶ 8.] Between January 30, 2007 and February 8, 2007, the Terrazza AOAO recorded a lien against the Unit for $1,487.64 in unpaid assessments. In order to collect its debt, the Terrazza AOAO, through Defendant Porter McGuire Kiakona & Chow, LLP ("PMKC"), initiated a nonjudicial foreclosure pursuant to the former Haw. Rev. Stat. §§ 667-5 to 667-10 ("Chapter 667, Part I") and conducted a public sale on May 20, 2011.[1] The Terrazza AOAO submitted the winning bid for the Unit and executed a quitclaim deed in favor of itself on June 9, 2011. It therefore obtained possession and control of the Unit, including all of the benefits

---

[1] All citations to Chapter 667, Part I and Haw. Rev. Stat. §§ 667-21 through 667-42 ("Chapter 667, Part II") refer to the versions in effect at the time of the foreclosure on Brown's Unit.

from it, while Brown remains liable for the amounts secured by the mortgage. [Id.] Brown brings this case as a putative class action by a plaintiff class, which she represents, against PMKC and a putative defendant class, which the Terrazza AOAO represents.

Brown argues the members of the defendant class engaged in nonjudicial foreclosures under Chapter 667, Part I, even though they did not hold mortgages with powers of sale. She alleges the defendant class did so in order to avoid the consumer protection provisions in Part II. [Id. at ¶¶ 18-19.] Brown asserts all of these foreclosures were wrongful and/or invalid. [Id. at ¶ 23.] Brown asserts the following claims: a claim against all defendants (PMKC, the Terrazza AOAO, and the defendant class) for a declaratory judgment that, during the relevant period, homeowner associations without mortgages containing a power of sale could not use Chapter 667, Part I ("Count I"); a wrongful foreclosure claim against the Terrazza AOAO and the defendant class, based on the improper use of Part I ("Count II"); a Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, claim against all defendants ("Count III"); an unfair and deceptive acts and practices ("UDAP") claim under Haw. Rev. Stat. Chapter 480 against the Terrazza AOAO and the defendant class ("Count IV"); and an "Improper Foreclosure" claim against the Terrazza AOAO and the

defendant class, based on the failure to obtain adequate prices for the properties in foreclosure ("Count V"). Insofar as this Court has not ruled on the parties' motions regarding class certification,[2] this Order will focus upon Brown's claims against PMKC and the Terrazza AOAO.

In the instant Motion, the Terrazza AOAO seeks the dismissal of Count V, with prejudice, on the ground that "Improper Foreclosure" is not a cognizable claim under Hawai`i law.

## **DISCUSSION**

This Court has concluded that wrongful foreclosure is a cognizable claim under Hawai`i law. Galima v. Ass'n of Apartment Owners of Palm Court, CIVIL 16-00023 LEK-KSC, 2017 WL 1240181, at *9 (D. Hawai`i Mar. 30, 2017) (discussing Federal Home Loan Mortgage Corp. v. Kama, Civ. No. 14-00137 ACK-KSC, 2016 WL 922780, at *5-6 (D. Hawai`i Mar. 9, 2016); Kondaur Capital Corp. v. Matsuyoshi, 136 Hawai`i 227, 361 P.3d 454 (2015); Hungate v. Law Office of David B. Rosen, SCAP-13-0005234, 2017 WL 747870, at *10 (Hawai`i Feb. 27, 2017)).[3] "A plaintiff may bring a wrongful foreclosure claim where: (1) the foreclosure process failed to

---

[2] The Terrazza AOAO's Motion to Deny Class Certification, filed on January 22, 2018, PMKC's joinder in that motion, filed on May 14, 2018, and Brown's Motion for Class Certification, filed on August 14, 2018, [dkt. nos. 33, 55, 89-92,] are currently pending before this Court.

[3] Hungate is now available at 139 Hawai`i 394, 391 P.3d 1.

4

comply with Haw. Rev. Stat. Chapter 667; and (2) the foreclosing entity did not have the right to foreclose." Id. (brackets, internal quotation marks, and citations omitted).

Brown's wrongful foreclosure claim alleges:

> 45. AOAO Defendants were not authorized or entitled to conduct a nonjudicial foreclosure or power of sale under Part I. As such, the foreclosure notices sent by AOAO Defendants were procedurally defective, and the resulting sales that occurred were unlawful and constituted wrongful foreclosures.
>
> 46. As a result of the wrongful foreclosures, AOAO Defendants stole, converted, and/or wrongfully dispossessed plaintiff and plaintiff class members of their properties.

[Third Amended Complaint at pg. 17.] Thus, the focus of Brown's wrongful foreclosure claim is the alleged failure to comply with Chapter 667, Part I. This Court previously ruled that the elements of Brown's wrongful foreclosure were sufficiently pled against the Terrazza AOAO. [Brown v. Porter McGuire Kiakona & Chow, LLP, et al., CV 16-00448 LEK-KSC, Order Denying Defendant Association of Apartment Owners of Terrazza/Cortebella/Las Brisas/Tiburon's Motion to Dismiss, etc., filed 8/30/17 (dkt. no. 95) ("CV 16-448 8/30/17 Order"), at 26-27 (denying the AOAO defendants' motions to dismiss as to the wrongful foreclosure claims).[4]]

---

[4] The CV 16-448 8/30/17 Order is also available at 2017 WL 3763843. The order addressed the Class Action Complaint that Brown and Plaintiffs Craig Connelly and Kristine Connelly ("the
(continued...)

5

In contrast, Brown's "Improper Foreclosure" claim alleges:

> 67.  AOAO Defendants were required to use all fair and reasonable means to obtain the best possible prices for the properties of Plaintiff and plaintiff class members but they failed to do so, rendering AOAO Defendants' foreclosures wrongful.
>
> 68.  Plaintiff also seeks and requests a judgment declaring that AOAO Defendants' foreclosures were not regularly or fairly conducted and that AOAO Defendants did not pay adequate prices for the properties of Plaintiff and plaintiff class members.
>
> 69.  On information and belief, Plaintiff alleges that AOAO Defendants planned to obtain the properties of Plaintiff and plaintiff class members to rent or otherwise obtain an economic benefit that far exceeded the purchase price for the properties, and that AOAO Defendants succeeded in carrying out this plan.

---

[4] (...continued)
Connellys") filed on August 10, 2016.  See 2017 WL 3763843, at *1 (citing CV 16-448, dkt. no. 1).  Brown and the Connellys filed an amended complaint on October 10, 2017 to address other parts of the CV 16-448 8/30/17 Order.  [CV 16-448, dkt. no. 98.]  On November 3, 2017, the magistrate judge severed Brown's claims from the Connellys' claims, which remain in CV 16-448. [CV 16-448, dkt. no. 106.]

On November 22, 2017, Brown moved for leave to file a second amended complaint that alleged additional class allegations and conformed to the severance order.  [Dkt. no. 6.]  On December 11, 2017, the magistrate judge granted the motion, and Brown filed her Second Amended Class Action Complaint.  [Dkt. nos. 15, 16.] On January 24, 2018, Brown moved for leave to file a third amended complaint that added the "Improper Foreclosure" claim and added further allegations in support of the UDAP claim.  [Dkt. no. 34.]  The magistrate judge orally granted the motion at a hearing on May 15, 2018, and filed an order on May 29, 2018. [Minutes (dkt. nos. 59, 70).]

> 70. AOAO Defendants did not conduct their nonjudicial foreclosures in a fair and reasonable manner as required by Hawai`i law, as alleged above.

[Third Amended Complaint at pgs. 22-23.] Thus, the focus of Brown's "Improper Foreclosure" claim is the Terrazza AOAO's alleged breach of its common law duty "to conduct the nonjudicial foreclosure sale[] in a fair and reasonable manner and [its] duty to exercise reasonable diligence and good faith in attempting to obtain the best price[]." [Mem. in Opp. at 2.] Brown argues Hawai`i courts have recognized such a claim in <u>Ulrich v. Security Investment Co.</u>, 35 Haw. 158 (Haw. Terr. 1939), and <u>Kondaur</u>, 136 Hawai`i 227, 361 P.3d 454. [<u>Id.</u> at 3-5.]

In <u>Kondaur</u>, the Hawai`i Supreme Court stated:

> To summarize, <u>Ulrich</u> requires mortgagees to exercise their **right to non-judicial foreclosure under a power of sale** in a manner that is fair, reasonably diligent, and in good faith, and to demonstrate that an adequate price was procured for the property. <u>Ulrich</u>, 35 Haw. at 168. In instances where the mortgagee assumes the role of a purchaser in a self-dealing transaction, the burden is on the mortgagee, or its quitclaim transferee or non-bona fide successor, to establish its compliance with these obligations. <u>Id.</u> Its failure to do so would render the foreclosure sale voidable and could therefore be set aside at the timely election of the mortgagor. <u>See</u> <u>id.</u>

136 Hawai`i at 240, 361 P.3d at 467 (emphasis added) (footnotes omitted).[5] <u>Kondaur</u> recognizes that a mortgagee can violate its

---

[5] <u>Ulrich</u> addressed a chattel mortgage, and the Hawai`i
(continued...)

common law duty "to seek the best price under the circumstances," see Hungate, 139 Hawai`i at 408, 391 P.3d at 15 (discussing Kondaur), even when it had a right to conduct a nonjudicial foreclosure pursuant to a power of sale – *i.e.*, even when it has complied with the requirements of Chapter 667, Part I. Further, Hungate states:

> In addition to the duty of a mortgagee to use fair and reasonable means to obtain the best price for the property, a mortgagee who purchases the foreclosed property has the burden to show that the sale was "regularly and fairly conducted" and that "an adequate price" was paid under the circumstances. Ulrich, 35 Haw. at 168; see also Kondaur, 136 Hawai`i at 241-42, 361 P.3d at 468-69. . . .

Hungate, 139 Hawai`i at 409, 391 P.3d at 16.

The Hawai`i Supreme Court did not use the words "improper foreclosure claim" in Hungate, but it clearly recognized that there is a claim for violation of the common law duties described in Ulrich and Kondaur which is separate and distinct from a claim alleging violations of Chapter 667, *i.e.* a wrongful foreclosure claim.[6] The supreme court stated, "under

---

[5] (...continued)
Supreme Court in Kondaur held that the common law duty recognized in Ulrich "extends to mortgagees conducting non-judicial foreclosure sales of real property." Hungate, 139 Hawai`i at 408, 391 P.3d at 15.

[6] The supreme court stated: "When voiding the foreclosure is not possible, the mortgagor is entitled to 'restitution of their proven out-of-pocket losses' through a wrongful foreclosure claim." Hungate, 139 Hawai`i at 407, 391 P.3d at 14 (quoting
(continued...)

8

Kondaur and Ulrich, in addition to the duties required under the now-repealed HRS § 667 Part I, a mortgagee has a duty to use 'fair and reasonable means in obtaining the best prices for the property on sale.'" Id. at 408, 391 P.3d at 15 (quoting Kondaur, 136 Hawai`i at 235, 361 P.3d at 462 (citing Ulrich, 35 Haw. at 168)); see also id. at 402, 391 P.3d at 9 ("In Part A, we hold the circuit court erred in dismissing the majority of Hungate's claims against Deutsche Bank regarding the alleged HRS chapter 667 Part I violations. . . . In Part B, we determine that Deutsche Bank had a common law duty to Hungate to use reasonable means to obtain the best price for Hungate's property.");[7] id. at 408, 391 P.3d at 15 ("In addition to Hungate's allegations that Deutsche Bank and Rosen violated HRS § 667 Part I and the mortgage contract, Hungate asserts that Deutsche Bank violated common law duties established in . . . Ulrich v. Sec. Inv. Co., 35 Haw. 158 (Haw. Terr. 1939). . . . We agree.").[8] Thus,

---

[6] (...continued)
Santiago v. Tanaka, 137 Hawai`i 137, 158, 366 P.3d 612, 633 (2016) (holding the nonjudicial foreclosure was wrongful and awarding restitution to mortgagor)).

[7] At the time of the foreclosure, Deutsche Bank National Trust Company ("Deutsche Bank") held Hungate's promissory note, which was secured by the mortgage on the property. Hungate, 139 Hawai`i at 399, 391 P.3d at 6.

[8] Attorney David B. Rosen and his law office (referred to in the opinion collectively as "Rosen") were retained by Deutsche Bank to foreclose upon Hungate's property. Hungate, 139 Hawai`i at 398-99, 391 P.3d at 5-6.

9

whatever label the claim is given, Hawai`i law recognizes a claim that a foreclosing mortgagee violated the common law duties articulated in Ulrich and its progeny.

This Court therefore rejects the Terrazza AOAO's argument that Brown's "Improper Foreclosure" claim is not recognized under Hawai`i law. Moreover, this Court concludes the Third Amended Complaint pleads sufficient factual allegations to state a plausible claim for violation of the Terrazza AOAO's common duties under Ulrich and its progeny.[9] See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007))).

## **CONCLUSION**

On the basis of the foregoing, the Terrazza AOAO's Motion to Dismiss Count V of the Third Amended Complaint [Dkt 61], filed May 25, 2018, is HEREBY DENIED. The Terrazza AOAO is ORDERED to file its answer to the Third Amended Class Action

---

[9] This Court does not suggest that a plaintiff is required to use any particular nomenclature in order to plead a claim alleging that a condominium association violated its duties under Ulrich and its progeny. All that is required is that the plaintiff plead sufficient allegations to give the defendant condominium association notice of the legal basis for his claim, whether a violation of Chapter 667, a violation of the Ulrich duties, or both.

Complaint by **December 13, 2018**.  The Terrazza AOAO is CAUTIONED that, if it chooses to file a motion for reconsideration of this Order, the motion for reconsideration will not affect the deadline for the filing of its answer.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, November 29, 2018.



    /s/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

**BENITA J. BROWN, ET AL. VS. PORTER MCGUIRE KIAKONA AND CHOW, ET AL; CIVIL 17-00554 LEK; ORDER DENYING MOTION TO DISMISS COUNT V OF THE THIRD AMENDED COMPLAINT [DKT 61]**